# Supreme Court of Florida

_____

No. SC16-1081
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**IAN JAMES CHRISTENSEN,**
Respondent.

[January 18, 2018]

PER CURIAM.

We have for review a referee's report recommending that Ian James

Christensen be found guilty of professional misconduct and be suspended from the

practice of law for two years. We have jurisdiction. See art. V, § 15, Fla. Const.

On June 15, 2016, The Florida Bar filed a complaint against Respondent

Christensen. The complaint was referred to a referee, and the referee submitted a

report and recommendation on March 30, 2017. In his report, the referee found

that in 2013, less than three months after being admitted to The Florida Bar,

Respondent founded IJC Law Group, P.A., and began offering legal services and

advice to clients. At the time, Respondent had no training in the area of medical

marijuana. Six months later, Respondent formed Health Law Services (HLS), and five months after that, incorporated Cannabinoid Therapy Institute (CTI). Respondent listed IJC Law Group, P.A., as CTI's registered agent and nonlawyer Christopher Ralph—a self-professed expert in the medical marijuana industry—represented himself as CTI's director. Ralph was also the "Legal Administrator and Consultant" for HLS.

Essentially, the referee found that Respondent charged clients $799 for a doctor's visit through CTI, and if the doctor found a medical necessity for the client to use marijuana, Respondent, via HLS, provided the client with an "Official Legal Certification" and patient identification card stating that the client had received a marijuana prescription. The "Official Legal Certification" purported to advise law enforcement of the client's right to cannabis as a medical necessity. Respondent advised his clients, and his clients believed, that based on Florida law, the clients had a right to possess, use, and grow cannabis due to medical necessity and that they were protected by the affirmative defense of medical necessity. Respondent did not tell his clients that this affirmative defense would not apply, if at all, until after the clients were arrested, charged, and prosecuted.

The referee found that several of Respondent's clients were arrested and prosecuted after following this advice. Respondent attempted to represent two of these clients in the criminal proceedings, but was subsequently disqualified on

motion by the State for conflict of interest. Respondent refused to refund the attorney's fees he charged, but was eventually ordered to do so when the trial court granted the clients' motion for disgorgement of attorney's fees. Respondent failed to comply with the order and filed an untimely notice of appeal, which was ultimately dismissed. He also failed to respond to the trial court's order to show cause and failed to appear at the show cause hearing. The court granted the motion for order to show cause and issued a warrant for his arrest.

As to three other clients, the referee found that the doctor to whom they were referred was not licensed to practice medicine in Florida. The clients were not advised of this. Further, along with the "Official Legal Certification," two of these clients were provided with a "grow sign" to be posted at their residence which announced that medical marijuana cultivation was underway. The third client was provided an "Official Legal Certification" that identified one of the clients with the "grow sign" as his "authorized agent" to produce cannabis medically necessary to treat his debilitating condition.

In January 2015, the police responded to the residence of the clients with the "grow sign" pursuant to a 911 call. The next day, the clients contacted Respondent to ask him if they needed to dismantle their growing operation, in expectation that law enforcement would return, and were told by Respondent they had nothing to worry about and that he or someone from his office would contact law enforcement

to discuss the situation. There was no record that Respondent ever did this. In February 2015, a fully armed SWAT team raided the clients' home, and they were arrested and charged with manufacture of cannabis, possession of cannabis with intent to sell or deliver, possession of a place or structure for trafficking or manufacturing a controlled substance, possession of paraphernalia, and trafficking in cannabis in excess of twenty-five pounds. In response to their arrests, Respondent encouraged the clients to file an internal affairs report regarding the damage done to their home and belongings during the raid. The clients' home, valuables, and vehicles were ultimately seized and detained for forfeiture.

The clients hired a new attorney and accepted plea deals of three years' probation, a $15,000 fine, and 100 hours of community service. One of the clients lost her nursing license of twenty-five years and the other lost his engineering job of fifteen years. In addition, their landlord sued them for damages to the home during the raid and lost rent. The landlord prevailed and obtained a judgment in excess of $25,000 against them.

Based on all of the above, the referee recommended that Respondent be found guilty of violating Rules Regulating the Florida Bar 4-1.1 (competence); 4-1.2(d) (criminal/fraudulent conduct); 4-1.5(a) (excessive fee); 4-1.7(a)(2) (conflict of interest); 4-5.3(a) (use of titles by nonlawyer assistants); 4-5.3(b) (supervisory responsibility for nonlawyers); 4-5.3(c) (ultimate responsibility of

lawyer for nonlawyers); 4-8.4(a) (violating or attempting to violate rules of professional conduct); and 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).  As for discipline, the referee recommended a two-year suspension and payment of the Bar's costs in the amount of $9,502.92.

Neither the Bar nor Respondent sought review of the referee's report and recommendations.  However, on July 26, 2017, the Court issued an order directing Respondent to show cause why the referee's recommended sanction should not be disapproved and a more severe sanction, including disbarment, be imposed. Respondent filed a response to the order on August 10, 2017, and the Bar filed its reply on August 21, 2017.

Upon consideration of the response to the order to show cause and the Bar's reply, we conclude that disbarment is the appropriate sanction.  The most prominent features of Respondent's misconduct are incompetence and extremely serious harm to clients.  Under Florida Standard for Imposing Lawyer Discipline 4.51, disbarment is appropriate "when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures, and the lawyer's conduct causes injury or potential injury to a client." Fla. Stds. Imposing Lawyer Sancs. 4.51.  We conclude Respondent's misconduct falls into this category.  Respondent erroneously advised his clients and provided them with legally meaningless "Official Legal Certifications" purportedly

authorizing them to grow and use marijuana, based on determinations made by a physician not licensed to practice medicine in the State of Florida. Several clients who relied upon Respondent's erroneous advice were arrested and criminally prosecuted, and their lives were devastated. Further, during the criminal proceedings pertaining to the clients and during the proceedings in this disciplinary matter, Respondent continued to insist on the correctness of his clearly erroneous legal positions, until he was ordered to show cause to this Court why he should not be disbarred. We will not tolerate such misconduct by members of The Florida Bar.

Accordingly, Respondent, Ian James Christensen, is hereby disbarred, effective immediately.[1] Respondent shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Respondent shall accept no new business from the date this opinion is filed unless he is readmitted to the practice of law in Florida.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Ian James Christensen in the amount of $9,502.92, for which sum let execution issue.

It is so ordered.

---

1. With his response to the Court's order to show cause, Respondent submitted an affidavit stating that he closed his law practice, notified his clients of the closure, and discontinued accepting any new clients and practicing law as of November 2015.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS DISBARMENT.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Carlos Alberto Leon, Bar Counsel, Tallahassee, Florida, and Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida,

for Complainant

D. Gray Thomas, Law Office of D. Gray Thomas, P.A., Jacksonville, Florida,

for Respondent